By the Court.
These two cases were heard together. Razzo and Sutton were denied a certificate of convenience and necessity over' the portion of the route applied for located between Struthers and Youngstown on the south side of the Mahoning river. The traffic of the Municipal Railway Company, south of the river, was therefore not affected by the order of the commission. Furthermore, the Municipal Railway Company operates entirely within municipal limits which are subject to municipal regulation.
The protest of the East End Traction Company, however, presents another phase. That line runs from the city of Youngstown through the cities of East Youngstown and Struthers to Lowellville, the portion of the route between Lowellville and Struthers being without any municipal limits. The certificate of public convenience and necessity granted to the applicants Razzo and Sutton the right to operate north of the Mahoning river from Youngstown to Lowellville, and the route was substantially parallel to the route of the traction company, except at points west of and near the village of Lowellville where the motor route somewhat deviated from the rail route of the East End Trac *123 tion Company. The certificate granted to the motor company enabled it to come in direct competition for passenger service over that part of the traction route,north of the river, extending from Lowellville to Struthers and Youngstown. In the territory between the municipal limits of Struthers and Lowellville there was but one small manufacturing plant. As shown in the record the chief cause of complaint against the inadequacy of the traction company’s service arose from the conditions prevailing in the municipalities, and especially in Bast Youngstown. There was insufficient proof of inadequacy of service between Struthers and Lowellville, although there was some inconvenience to the public residing between those points. Any inadequacy of service, if proven, resulted from service within the three cities. It is not contradicted in the record that the East End Traction Company had “made no net revenue over operating expenses and taxes for the last five years.” Necessarily the commission should have given some consideration to that fact, in so far as the depletion of revenues might necessitate a later abandonment of the traction line altogether.
The Municipal Bailway Company is operated under a franchise from the city of Youngstown, known as the “service at cost franchise”; the rate of fare being at the time of hearing 8 cents in cash, with seven tickets for 50 cents. We think that municipal regulations may safely be permitted to take care of the adequacy of service within the limits of these municipalities, and that the record fails to show that at the present time public convenience and necessity require additional operation *124 by motor transportation over that part of the route between Lowellville and Youngstown.
In case No. 19599, the order of the commission will be affirmed. ■ In case No. 19598, the order of the commission will be reversed, and the cause remanded to the commission for further proceedings in accordance with this opinion.

Order reversed in cause No. 19598.

Order affirmed in cause No. 19599.

Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.